IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEO BLAS, a/k/a/ LIOR BLAS,<br><br>                    Appellant,<br><br>vs.<br><br>BANK OF AMERICA N.A. and KENNETH BATTLEY,<br><br>                    Appellees. | Case No. 3:20-cv-00271-RRB<br>Bankruptcy Case No. A17-00411-GS<br><br>**ORDER OF DISMISSAL** |

Appellant, Leo Blas, appeals an October 2020 order from the Bankruptcy Court,[1] approving a stipulation made between the Bankruptcy Trustee and Creditor, Bank of America N.A. (hereinafter "BANA").[2] Appellant previously has filed two appeals in this Court from orders issued in the bankruptcy case in favor of Defendant, BANA,[3] as well as three appeals to the Alaska Supreme Court from the decisions in superior court.[4]

---

[1] *See* Docket 3-6 at 353–54.
[2] Docket 1. *See Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case.").
[3] Case numbers 3:19-cv-00324-RRB and 3:19-cv-00325-RRB. Mr. Blas also tried to sue BANA directly in this Court in 2015. *See* 3:15-cv-124-TMB. This Court determined that the judgement of the state court case barred an action in this Court challenging the bank's foreclosure. *Id.*, Docket 6.
[4] *Blas v. Bank of Am., N.A. (Blas I)*, 2017 WL 1379317 (Alaska Apr. 12, 2017); *Blas v. Bank of Am., N.A. (Blas II)*, 2019 WL 1199170 (Alaska Mar. 13, 2019); and *Blas v. Bank of Am., N.A. (Blas III)*, 2019 WL 5061383 (Alaska Oct. 9, 2019).

Appellant's Opening Brief requests a "due process hearing" and seeks an order to Quiet Title to his property.[5] BANA has responded to the opening brief,[6] and Appellant has replied.[7] This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) and, finding oral argument unnecessary, enters the following order.

## I. BACKGROUND[8]

Appellant entered into an adjustable rate 30-year mortgage loan with BANA, secured by a deed of trust to his home in Chugiak, Alaska, in February 2008.[9] In 2010, Appellant defaulted on his mortgage, and filed a lawsuit in state court to prevent foreclosure, which resulted in a home loan modification. Appellant defaulted on his loan a second time. In January 2014, Appellant brought a second state court action against BANA in an attempt to stop the non-judicial foreclosure of the real property. The Alaska Supreme Court ultimately affirmed BANA's authority to proceed with the non-judicial foreclosure, finding that even though BANA no longer owned Appellant's loan, Fannie Mae's servicing guidelines explicitly gave servicers the authority to represent Fannie Mae's "interests in foreclosure actions," a procedure permitted under Alaska law.[10] Appellant and BANA then entered into a settlement agreement wherein Blas was permitted to remain on the property six additional weeks, and would then vacate the property, with

---

[5] Docket 8.
[6] Docket 13.
[7] Docket 14.
[8] Factual background not attributed to other sources is taken from Memorandum Opinions of the Supreme Court of the State of Alaska. *See generally Blas I, Blas II, and Blas III*.
[9] Docket 3-1 at 110.
[10] *Blas I* \*5. Appellant later sought relief from judgment in that state court case under Alaska Civil Rule 60(b), which the superior court denied, as affirmed by the Alaska Supreme Court in *Blas II*.

*Blas v. Bank of America, N.A.*　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-00271-RRB
Order of Dismissal　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:20-cv-00271-RRB　　Document 19　　Filed 09/27/21　　Page 2 of 13

BANA to have "the unqualified right to enforce its right of possession" and the authority to "obtain a Writ of Eviction/Restitution if Mr. Blas remained on the Property after the agreed date of departure."[11] Appellant "agreed to waive his rights to contest the issuance or enforcement of any such writ,"[12] but later testified that he vacated the property for one week in June 2017, then returned to the property because the settlement agreement did not expressly state that he could not return after vacating.[13]

Appellant commenced another lawsuit in state court against BANA in September 2017, again seeking to stop foreclosure on the real property.[14] The superior court denied Appellant's request for an injunction on November 30, 2017,[15] and Appellant filed for bankruptcy the same day.[16] The superior court later dismissed the complaint against BANA,[17] which the Alaska Supreme Court affirmed in October 2019, finding:

> [Blas] correctly notes that his current lawsuit relates to a different attempt, or right, to foreclose than the lawsuit that led to his first two appeals. But Blas does not appear to allege any foreclosure improprieties other than those already alleged and resolved in the earlier lawsuit. He instead reargues the many points resolved in his previous lawsuit and our two decisions arising from that lawsuit. . . . The fundamental question of Bank of America's (and the connected defendants') right to conduct a non-judicial deed of trust foreclosure upon the home subject to Blas's continued default already has been decided, adversely to Blas.[18]

---

[11] Docket 3-6 at 276 (December 17, 2019, Bankruptcy Court Memorandum Decision on Motion for Relief from the Automatic Stay).
[12] *Id*.
[13] Docket 3-6 at 26–28, 32, 276.
[14] Docket 3-2 at 8.
[15] *Id.* at 54.
[16] *See* Docket 3-1 at 5.
[17] Docket 3-2 at 56–59; Docket 3-4 at 108.
[18] *Blas III,* 2019 WL 5061383 at *2.

*Blas v. Bank of America, N.A.* Case No. 3:20-cv-00271-RRB
Order of Dismissal Page 3
Case 3:20-cv-00271-RRB Document 19 Filed 09/27/21 Page 3 of 13

Meanwhile, during the course of the 2017 bankruptcy petition, BANA filed a Proof of Claim[19] and argued that the debt to BANA was nondischargeable under Section 523(a)(2)(B) of the Bankruptcy Code, alleging fraud and breach of contract for failure to honor the settlement agreement.[20] BANA filed a Motion for Release from Stay in June 2018 alleging that Appellant had failed to pay his mortgage for over five years, and had engaged in bad faith in filing bankruptcy.[21] Appellant objected to the foregoing, and the Bankruptcy Judge held multiple evidentiary hearings and took evidence, including a review the original promissory note.[22]

On September 10, 2018, Mr. Blas filed a *pro se* adversary proceeding in the Bankruptcy Court against BANA.[23] The bankruptcy matter was stayed pending attempts at mediation of the adversary case. On May 31, 2019, the Office of the Bankruptcy Clerk entered Appellant's Chapter 7 discharge.[24] Following the issuance of the October 9, 2019, Alaska Supreme Court Opinion affirming the Superior Court's dismissal of the 2017 state court lawsuit,[25] the Bankruptcy Judge then granted BANA's motion for relief from the automatic stay on December 17, 2019,[26] permitting BANA to proceed with a non-judicial foreclosure.

---

[19] Docket 3-2 at 89.
[20] Docket 3-4 at 52.
[21] *Id.* at 111.
[22] Docket 3-5 at 268; Docket 3-6 at 278.
[23] Adversary Case Number 18-AP-90028.
[24] Docket 3-6 at 279.
[25] *Blas III*.
[26] Docket 3-6 at 275.

Before the end of 2019, Appellant filed two appeals from his bankruptcy petition, which were consolidated before this Court. The Bankruptcy Court decision was affirmed and the consolidated appeals were dismissed.[27] A month after that dismissal, on September 14, 2020, the Attorney for the Trustee moved in the bankruptcy case for "Approval of the Stipulation Between trustee and [BANA]."[28] The Bankruptcy Court held a hearing and, on October 16, 2020, issued an order approving the stipulation.[29] Four days later, Mr. Blas filed a Notice of Appeal regarding approval of the stipulation, which was transferred to this Court.[30] Briefing before this Court was completed on June 15, 2021.[31]

## II. BANKRUPTCY COURT DECISION

As explained in Appellant's brief, it is a routine practice for a Trustee to compromise the claims of a debtor on behalf of the bankruptcy estate, "and there are procedural protections for debtors under such circumstances, i.e., the opportunity to object and have a hearing concerning the terms of any compromise."[32] The Trustee reasoned that in all of the lawsuits regarding BANA's claim:

> the debtor's efforts to invalidate the mortgage against his residence have been overruled and denied and **the trustee believes that the note and deed of trust in favor of BOA executed by the debtor are a valid obligation that BOA is entitled to enforce and collect through foreclosure of the deed of trust**. To put it another way, the trustee does not believe that the debtor has even a slight chance of prevailing

---

[27] Case numbers 3:19-cv-00324-RRB and 3:19-cv-00325-RRB.
[28] Docket 3-6 at 329.
[29] *Id.* at 353.
[30] Docket 1. The adversary proceeding was dismissed by the Bankruptcy Court on October 30, 2020, which Blas did not appeal.
[31] Dockets 8, 13, and 14.
[32] Docket 13 at 20 (citations omitted).

*Blas v. Bank of America, N.A.* Case No. 3:20-cv-00271-RRB
Order of Dismissal Page 5
Case 3:20-cv-00271-RRB Document 19 Filed 09/27/21 Page 5 of 13

on the claims he has asserted in the adversary case he filed against BOA.[33]

Mr. Blas opposed approval of the stipulation, revisiting settled arguments.[34]

In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the bankruptcy court must consider, if relevant:

> (a) The probability of success in the litigation;
>
> (b) the difficulties, if any, to be encountered in the matter of collection;
>
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[35]

"The trustee, as the party proposing the compromise, has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved."[36]

The Bankruptcy Court's written order approving the terms of the stipulation between the Trustee and BANA referred to "the reasons stated in the motion and those stated by the court on the record."[37] During that hearing, Mr. Blas objected to the nature of the hearing, and disputed that the stipulation should have been considered in the main case rather than the adversary case.[38] He objected to the declarations as hearsay, disputed

---

[33] Docket 3-6 at 330 (emphasis added).
[34] *Id.* at 343.
[35] *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).
[36] *Id.*
[37] Docket 3-6 at 353.
[38] Bankruptcy Docket 314. BANA complains that Appellant, as the debtor, was responsible for providing a transcript of the hearing for the appeal. Docket 13 at 22. In light of this omission by the *pro se* Appellant, this Court listened to the 25 minute audio recording of the relevant hearing.

*Blas v. Bank of America, N.A.*                                                    Case No. 3:20-cv-00271-RRB
Order of Dismissal                                                                                                    Page 6

*Blas v. Bank of America, N.A.*     Case No. 3:20-cv-00271-RRB
Order of Dismissal     Page 6
Case 3:20-cv-00271-RRB     Document 19     Filed 09/27/21     Page 6 of 13

that multiple cases have ruled against him in favor of BANA, and disputed that there was even a settlement for the Bankruptcy Judge to approve.[39]

The Bankruptcy Judge agreed with the Trustee's analysis, finding that because BANA was a secured creditor with standing to pursue the foreclosure, there was no benefit to the estate continuing litigation against BANA. He found that there was an "exceedingly slim" probability of success of prevailing in the adversary case in light of prior decisions of the Alaska Supreme Court.[40] The Bankruptcy Judge expressed a "significant and strong belief" that the settlement was in the best interests of the creditors, including the unsecured creditors, "which is the entire purpose of the bankruptcy under Chapter 7." He found that the Trustee had "extensive knowledge and experience" based upon prior service before the Bankruptcy Court. Finally, the Bankruptcy Judge found that the fact that there were no objections to the settlement by the creditors, paired with the lack of possibility of success on the merits in the adversary case, compelled approval of the settlement.[41]

## III. STANDARD OF REVIEW

When this Court reviews a decision of the Bankruptcy Court, findings of fact are reviewed under the clearly erroneous standard, and conclusions of law are reviewed *de novo*.[42] Additionally, this Court must affirm the Bankruptcy Court's approval of a

---

[39] *Id*.
[40] The Bankruptcy Judge also indicated that "exceedingly slim" was being generous.
[41] *Id.*
[42] *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010).

settlement unless the result is "unjust" amounting to "a clear abuse of discretion."[43] "[W]e uphold the court's application of the legal standard to the facts unless it was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."[44]

## IV. DISCUSSION

### A. Standing

BANA questions whether Plaintiff has standing to contest the compromise and the dismissal of the adversary proceeding, noting that in a Chapter 7 bankruptcy proceeding, a "debtor ordinarily lacks standing to challenge orders affecting the assets of the estate unless there is likely to be a surplus after bankruptcy."[45] Appellant suggested at the hearing that there may be a surplus after the compromise, but this Court lacks sufficient information to make a definitive ruling on standing. Accordingly, an analysis of the merits follows.

### B. Fiduciary Duty of Trustee

Appellant claims that the "local trustee contractor reneged on his fiduciary duty and on his neutrality commitment by not including the homeowner in the settlement discussions of the homeowner's Quiet Title case sale."[46] In the absence of any further argument or explanation, BANA agrees that a trustee owes a fiduciary duty in connection

---

[43] *In re DVR, LLC*, 606 B.R. 80, 84 (D. Colo. 2019) (*citing Reiss v. Hagmann*, 881 F.2d 890, 891–92 (10th Cir. 1989)) (citation omitted); *see also In re Isom*, 836 F. App'x 562, 563 (9th Cir. 2020) ("We review an order approving a compromise agreement for abuse of discretion.").
[44] *In re Isom*, 836 F. App'x at 563 (internal citations and quotations omitted).
[45] Docket 13 at 21 (citing *Marlow v. Hoffmeier Zamora (In re Marlow)*, No. BAP CC-10-1143, 2011 WL 3299024, *3 (B.A.P. 9th Cir. Feb. 1, 2011)).
[46] Docket 8, page 1 at ¶ 1.

*Blas v. Bank of America, N.A.* Case No. 3:20-cv-00271-RRB
Order of Dismissal Page 8
Case 3:20-cv-00271-RRB   Document 19   Filed 09/27/21   Page 8 of 13

with negotiating compromises, but asserts that the fiduciary duty is "to maximize the assets of the bankruptcy estate" for the benefit of creditors.[47]

The *Barton* doctrine[48] "precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court."[49] The *Barton* doctrine "does not shield trustees from lawsuits. Rather, the doctrine requires the bankruptcy court to determine *where* the suit may be brought, not *whether* the trustee may be sued."[50] The doctrine "strips all courts—except the bankruptcy court that appointed the trustee—of subject-matter jurisdiction to hear a lawsuit against the trustee unless the appointing court gives its permission to sue the trustee elsewhere. Only if the Debtors' proposed complaints pass through *Barton*'s jurisdictional gate will the Debtors be able to file suit against the Trustee outside of [bankruptcy] Court."[51]

Accordingly, this Court lacks jurisdiction to adjudicate Appellant's claims of breach of fiduciary duty by the Trustee.

---

[47] Docket 13 at 29, citing *In re Doublas J. Roger, M.D., Inc., APC*, 393 F. Supp. 3d 940, 962 (C.D. Cal. 2019).
[48] *Barton v. Barbour*, 104 U.S. 126, 137, 26 L. Ed. 672 (1881) (holding that without leave of the court by which the receiver was appointed, no other court has jurisdiction to hear a suit against the receiver for a cause of action arising from his performance of his duties).
[49] *In re Christensen*, 598 B.R. 658, 664 (Bankr. D. Utah 2019) (citations omitted).
[50] *Id.*
[51] *Id.* at 665.

## C. Additional Issues Alleged

Appellant sets forth 37 other overlapping "Points on Appeal," claiming violations of: the automatic stay;[52] the Supremacy Clause;[53] and Due Process (Fannie Mae as federal actor).[54] Appellant further alleges that: the note was not negotiable;[55] Fannie Mae is the real party in interest;[56] the Bankruptcy Court misapplied *res judicata* and the *Rooker-Feldman* doctrine;[57] the Truth in Lending Act ("TILA") Rescission letter precludes a challenge to recission;[58] Appellant has not been permitted to inspect BANA's books and financial records to verify basis, rendering the contract unenforceable;[59] BANA has not produced evidence that it retained servicing rights after the note was transferred to Fannie Mae;[60] the 2011 contract amended and superseded all terms and maturity dates from the original note;[61] BANA has "unclean hands";[62] a statute of limitations has lapsed;[63] and the Bankruptcy Court did not address the affirmative defense of recoupment.[64]

## D. Analysis

This Court, and others, previously have addressed most of these issues.[65] Moreover, Appellant's arguments are internally inconsistent. He argues that any reference

---

[52] Docket 8, pages 1–4 at ¶¶ 3, 13.
[53] *Id.* at ¶¶ 2, 11, 29.
[54] *Id.* at ¶¶ 6, 8, 10, 27.
[55] *Id.* at ¶¶ 9, 28.
[56] *Id.* at ¶¶ 5, 6, 10, 24, 26, 36, 37.
[57] *Id.* at ¶¶ 14, 15, 30.
[58] *Id.* at ¶¶ 16, 17, 18.
[59] *Id.* at ¶¶ 19, 20, 21, 31, 32, 33, 34; Docket 14.
[60] Docket 8 at ¶ 22.
[61] *Id.* at ¶ 23.
[62] *Id.* at ¶¶ 25, 38.
[63] *Id.* at ¶¶ 12, 35.
[64] *Id.* at ¶ 7.
[65] *See* 3:19-cv-00324-RRB, Docket 24.

*Blas v. Bank of America, N.A.*     Case No. 3:20-cv-00271-RRB
Order of Dismissal     Page 10
Case 3:20-cv-00271-RRB    Document 19    Filed 09/27/21    Page 10 of 13

to a "mortgage loan" is a misnomer, as BANA has "never produced any evidence of a loan transaction, or any recorded receivable from their books of business, and have never claimed in court on a loan transaction."[66] Elsewhere, he argues that BANA sold the note and mortgage to Fannie Mae in 2008, then "illegally accelerated a fictitious balance,"[67] even though the "'loans' have already been paid-off (by Fannie Mae)."[68] He believes that a three-year Alaska Statute of Limitations was triggered in December 2010 when BANA "accelerated the balance," which has since run, and that BANA therefore failed to execute foreclosure timely.[69] Alternatively, he believes that his TILA Rescission letter eliminated any mortgage as of October 2017, because BANA failed to respond to it.[70] He also alleges that the "so called 'personal mortgage note' was discharged in the uncontested Bankruptcy Discharge dated May 31 2019."[71]

Despite 33 pages of briefing by Appellant,[72] BANA correctly notes that "the actual issue before this Court is quite narrow: Whether the Bankruptcy Court erred in its decision to approve a compromise of claims between BANA and the Trustee, Kenneth

---

[66] Docket 14, ¶ 26.
[67] *Id.* at ¶¶ 13, 17.
[68] *Id.* at ¶ 30.
[69] *Id.* at ¶¶ 19, 28. A novel argument, considering BANA first attempted to foreclose in 2010.
[70] Docket 8 at ¶¶ 16, 17, 18; Docket 14 at ¶¶ 20–24, citing *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015). The *Jesinoski* Court held that "rescission is effected when the borrower notifies the creditor of his intention to rescind," and that a borrower need not file a lawsuit. *Id.* at 262. But it also reiterated that in the case of a borrower's attempt to rescind in the course of a foreclosure proceeding initiated six years after the loan's consummation . . . , "there was 'no federal right to rescind, defensively or otherwise, after the 3-year period of [15 U.S.C.] § 1635(f) has run." *Id.* (citing *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 419 (1998).
[71] Docket 14 at ¶ 18.
[72] The bulk of Appellant's brief focuses on his theory that mortgage notes are essentially bait-and-switch scams by the banks, where no real money is loaned. Appellant cites a number of questionable sources to support his arguments, including "Modern Money Mechanics," "Your Money booklet," and "Money and Banking," as well as the autobiography of Ben Franklin. Docket 8.

*Blas v. Bank of America, N.A.*                                     Case No. 3:20-cv-00271-RRB
Order of Dismissal                                                               Page 11
Case 3:20-cv-00271-RRB    Document 19    Filed 09/27/21    Page 11 of 13

Battley.[73]  This Court finds that the Bankruptcy Court made no errors in determining the facts or the law.  Moreover, the Bankruptcy Judge's application of the legal standard to the facts was logical, plausible, and fully supported by the facts of this case.  This Court finds no abuse of discretion, nor does it find an unjust result.

As this Court has stated previously, Appellant has "failed to proffer any evidence contradicting BANA's claims . . . and presented no evidence that the loan was transferred to another entity, that payments are being made to another entity, or that any other entity has attempted to collect the mortgage debt or filed a claim in the bankruptcy matter related to the loan.  Nor has [Appellant] alleged that he has paid off this loan."[74] Appellant has had his day in court.  Moreover, it is worth noting that Appellant has never disputed that he defaulted on his mortgage, stating in his most recent filing:  "It is through no doing of the homeowner that the obligation has been extinguished without payment from the homeowner.  And there is no legal or moral reason to pay it again."[75]  Rather, he has sought to avoid the obligation through a series of legal gymnastics that ultimately fail.

The Court agrees with BANA that "the Trustee and the Bankruptcy Court properly discharged their respective duties and complied with legal and procedural requirements concerning the crafting and approval of a stipulated compromise" between the Trustee and creditor, BANA.[76]

---

[73] Docket 13 at 2.
[74] 3:19-cv-00324-RRB, Docket 24 at 7 (August 17, 2020).
[75] Docket 14 at ¶ 33.
[76] Docket 13 at 29.

*Blas v. Bank of America, N.A.*  Case No. 3:20-cv-00271-RRB
Order of Dismissal  Page 12
Case 3:20-cv-00271-RRB   Document 19   Filed 09/27/21   Page 12 of 13

## III. CONCLUSION

In light of the foregoing, the decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED this 27th day of September, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Blas v. Bank of America, N.A.* — Case No. 3:20-cv-00271-RRB
Order of Dismissal — Page 13
Case 3:20-cv-00271-RRB   Document 19   Filed 09/27/21   Page 13 of 13